Edward J. **MALONE**, Employee–Respondent,

v.

**OGDEN AVIATION SERVICES**, Employer–Appellant.

and

**Treasurer of Missouri as Custodian of the Second Injury Fund**, Respondent.

No. ED 80781.

Missouri Court of Appeals, Eastern District, Division Five.

Sept. 3, 2002.

■■■■■■■■■■■■■■■■■■

Paul D. Huck, St. Louis, MO, for appellant.

Harry J. Nichols, St. Charles, MO, for respondent.

Before LAWRENCE E. MOONEY, C.J., LAWRENCE G. CRAHAN, J., and CHARLES B. BLACKMAR, S.J.

## ORDER

PER CURIAM.

The employer, Ogden Aviation, appeals the decision of the Labor and Industrial Relations Commission awarding future medical benefits in the form of hearing aids to cure and relieve the claimant's hearing loss, and also awarding permanent partial disability benefits for tinnitus to the claimant, Edward Malone. The employer argues: (1) the Commission erroneously interpreted and misapplied the provisions of sections 287.067 and 287.197 RSMo. 2000, in affirming the Administrative Law Judge's finding that the claimant sustained

---

**1.** Movant spelled his surname differently in his direct appeal.

a compensable occupational hearing loss for which he is entitled to future medical treatment in the form of hearing aids; (2) that the Commission's finding of fact that the claimant's hearing loss was occupational is not supported by sufficient and competent evidence in the record and is contrary to the overwhelming weight of the evidence; and (3) that the Commission's finding of fact that the claimant sustained a separate work-related injury in the form of tinnitus is not supported by sufficient and competent evidence and is clearly contrary to the overwhelming weight of the evidence, and that the award of permanent partial disability benefits is against the weight of the evidence.

We have reviewed the parties' briefs and the record on appeal. An opinion reciting the detailed facts and restating the principles of law would have no precedential value. However, the parties have been furnished with a memorandum, for their information only, setting forth the reasons for this order.

We affirm the judgment pursuant to Rule 84.16(b)